THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Larry Scott, Appellant.
 
 
 

Appeal From Williamsburg County
James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2009-UP-120
 Submitted March 2, 2009  Filed March 5,
2009    

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney Michelle J. Parsons, all of Columbia; Solicitor C. Kelly Jackson, of
 Sumter, for Respondent.
 
 
 

PER CURIAM:  Larry Scott appeals his convictions and
 sentences for armed robbery, possession of a weapon during a violent crime, and
 kidnapping, arguing the trial court erred in denying his motion for a directed
 verdict.  At trial, the State produced the following evidence:  (1) direct
 evidence showing Mary Ann Wall was the female assailant who committed the
 robbery along with a male assailant; (2) testimony showing Scott was in a
 relationship with Wall, lived with her, and was with her "ninety percent
 of the time;" (3) a watch recovered from Scott and Wall's residence similar
 to the one worn by the male assailant; and (4) testimony from a visual information
 specialist highlighting several similarities between the surveillance video
 which captured a portion of the male assailant's face and a photograph of Scott
 taken a few days after the robbery.  Viewing the evidence in the light most
 favorable to the State, we hold there was substantial circumstantial evidence
 from which a jury could logically deduce Scott was the male assailant who
 committed the robbery.  See State
 v. Cherry, 361 S.C. 588, 594, 606
 S.E.2d 475, 478 (2004) (stating a trial court considering a motion for a
 directed verdict is not required to
 find that the evidence infers guilt to the exclusion of any other reasonable
 hypothesis, and instead has a duty to submit a case to the jury
 if there is any substantial circumstantial evidence which reasonably tends to
 prove the guilt of the accused, or from which his guilt may be fairly and
 logically deduced).  
AFFIRMED. [1]
HUFF,
WILLIAMS, and KONDUROS, JJ., concur.  

[1] We decide this case without oral argument
pursuant to Rule 215, SCACR.